W. H. GREENWELL *v.* FRANK GOUVEIA.

APPEAL FROM DISTRICT COURT, NORTH KONA, HAWAII.

SUBMITTED FEBRUARY 23, 1903.        DECIDED MARCH 17, 1903.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

In replevin the plaintiff is not entitled to judgment merely because the evidence for the defendant shows that the title to the property is in the defendant's son and not in the defendant. The plaintiff must recover, if at all, on the strength of his own title and not on the weakness of that of his adversary.

OPINION OF THE COURT BY PERRY, J.

Replevin of a heifer alleged to be of the value of $25.00. The defendant filed a plea or answer in words as follows: "And now comes Frank Gouveia, the defendant herein, and says he is in possession of the heifer named in the within declaration as of his own property; that said heifer is not the property of the plaintiff herein." At the trial the plaintiff presented all the evidence which he wished to present and rested. For the defense, the defendant and his son gave testimony and a third witness was called and sworn, but neither this last witness nor two others whom the defendant offered to examine were permitted to testify, the Magistrate granting a motion by plaintiff for judgment on the ground that "the special plea of ownership made in defendant's answer was disproved by defendant's own testimony." In this there was error. That the ownership of the animal was in the defendant's son, as testified to by the latter, would not necessarily preclude a judgment for the defendant nor require one for the plaintiff. The defendant, if permitted, may have proceeded to show either that the animal, although the property of his son, was lawfully in his, the defendant's, possession or that the plaintiff was not its owner and not entitled to its possession. The plaintiff could recover, if at all, only on the strength of his own title and not on any weakness in that of the defendant. Nor was there anything in the form of defendant's plea or answer to require judgment for plaintiff at that stage of the trial. The material portion of the answer was the averment that the heifer was not the property of the plaintiff and the defendant was entitled to present, in support of that averment, the evidence of the three witnesses already referred to.

We may add, with reference to another of the points of law raised by the appeal, that the District Court had authority to permit the production of the animal at some convenient place and there to personally examine the ear-mark in order the better to determine the disputed question of ownership.

The appeal is sustained, the judgment set aside, and the case

remanded to the District Court with instructions to proceed with
the trial and for such further proceedings as may be proper.

*Holmes & Stanley* for plaintiff.

*Smith & Lewis* and *L. J. Warren* for defendant.